UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. CONNOLLY,

    Petitioner,

v.

Case No. 4:04-cv-52

Hon. Janet T. Neff

CAROL HOWE,

    Respondent.

_____/

**ORDER**

This is a habeas action. This court dismissed petitioner's petition for a writ of habeas corpus on August 5, 2004 as untimely.[1] Petitioner appealed the dismissal on August 16, 2004. The following year, the Court of Appeals for the Sixth Circuit granted a certificate of appealability on the issue: "Whether the statute of limitations that was applicable to Connolly's case was tolled due to actual innocence." *Connolly v. Howes*, No. 04-2075 (6th Cir.) (Order, Aug. 3, 2005).[2] The Sixth Circuit appointed attorney John A. Smietanka to represent petitioner on the appeal. Order of Nov. 10, 2005.

When the present petition was originally filed in this court, it included approximately 320 pages of attachments related to petitioner's conviction and appeals in the state court. *See* docket no. 1. The Sixth Circuit subsequently expanded the record on appeal when it granted petitioner's

---

[1] Petitioner had filed a timely habeas petition on April 2, 1997. *See Connolly v. Grayson*, No. 1:97-cv-246 (W.D. Mich.). The court dismissed that petition for lack of exhaustion. Petitioner filed the present habeas action sometime after attempting to exhaust his claims in the state courts.

[2] This court will take judicial notice of the orders appearing on the docket sheet in *Connolly v. Howes*, No. 04-2075 (6th Cir.) when necessary to develop the procedural background of this case.

request to obtain "relevant" transcripts of certain pre-trial proceedings in the underlying state criminal case of *People v. Connolly*, No. 93-64051 (Kent Co. Cir. Ct.) that were not part of the proceedings in the district court. Order of Jan. 17, 2006. Specifically, the Sixth Circuit directed petitioner "to advise the Kent County Circuit Court that this court requests its assistance in the preparation of transcripts of the proceedings held on April 11 and 12, 1994." *Id.*

Although the matter remains in the Court of Appeals, petitioner has now filed a motion in this court to enlarge the district court record with 22 additional documents (docket no. 24). Petitioner states that some of these documents are already part of the record, but does not identify which ones. *See* Motion at ¶ 14.

The authority of this court to modify a record which is pending on appeal is quite limited. Fed. R. App. P. 10(e) provides as follows:[3]

**(e) Correction or Modification of the Record.**

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>> (A) on stipulation of the parties;
>>
>> (B) by the district court before or after the record has been forwarded; or

---

[3] Petitioner has not provided the court with a supporting brief setting forth legal authority for the requested relief. The local court rules require that "[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief," which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." W.D. Mich. LCivR 7.1(a). In the absence of any cited authority, this court will assume petitioner intends the court to proceed under Fed.R.App.P. 10.

>      (C) by the court of appeals.
>
>   (3) All other questions as to the form and content of the record must be presented to the court of appeals.

The district court's limited ability to supplement the record under Rule 10(e) was summarized in *Jones v. Jackson National Life Insurance Co.*, 819 F. Supp. 1385 (W.D. Mich. 1993) (McKeague, J.):

>   Rule 10(e) is not designed to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review. . . This is so because the only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court. To the extent there may be an inherent equitable power to supplement the record exceeding the power provided in Rule 10(e), such power is to be exercised not by this Court, but by the Court of Appeals.

*Id.* at 1387 (internal citations and quotation marks omitted). *See also*, *Canaday v. Kelley*, No. 93-1860, 1994 WL 567512 at *11 (6th Cir. Oct. 14 ,1994) ("Fed.R.App.P. 10(e) allows modification of the record in only two instances; namely, when the parties dispute whether the record actually discloses what occurred in the district court and when a material matter is omitted by error or accident"); *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3rd Cir. 1986) ("It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review").

In this instance, neither Rule 10(e)(1) nor 10(e)(2) authorize this court to enlarge the record as requested by petitioner. Rule 10(e)(1) operates to resolve disputes regarding the accuracy of the lower court record. The rule is inapplicable here, because there is no dispute or difference of opinion "about whether the record truly discloses what occurred in the district court."

3

Rule 10(e)(2) is also inapplicable. This rule pertains to material "omitted from or misstated in the record by error or accident." Petitioner does not claim that any of the 22 documents identified in his motion were omitted from or misstated in this court's record by error or accident. Rather, he seeks to add documents which "in current counsel's view, reflect the core issue which the Sixth Circuit has required the parties to brief." Motion at ¶ 15. The purpose of Rule 10(e)(2) is to allow the district court "to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003), quoting *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982).

The remaining subpart of Rule 10(e) makes it clear that any other modifications of the record on appeal are solely within the discretion of the appellate court:

> "(3) All other questions as to the form and content of the record must be presented to the Court of Appeals."

This court does not have authority to enlarge the record as requested by petitioner. Petitioner's request should be directed to the Sixth Circuit, which has the authority to address "questions as to the form and content of the record" pursuant to Rule 10(e)(3) or to exercise its "inherent equitable power to supplement the record." See *Jones,* 819 F.Supp. at 1387.

Accordingly, petitioner's motion (docket no. 24) is **DENIED** without prejudice.

A copy of this Order shall be served upon the state attorney general.[4]

---

[4] Since this court dismissed the petition on initial screening pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2243, Carol Howes and the state attorney general never appeared in the district court case. Respondent and counsel have appeared in the Sixth Circuit.

**IT IS SO ORDERED.**


Dated:  October 15, 2007                                   /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge